ST. VICTOR
*vs.*
DAUBERT.

vileges     and
rights previous-
ly granted, or
limits their ex-
ercise,     causes
*damnum absque
injuria;* but if
the law is un-
constitutional, it
can have no ef-
fect, and causes
neither damage
nor injury.

Legal interest
does not run on
a note given for
a lottery privi-
lege, from its
maturity, when
it is not protest-
ed; but only
from judicial de-
mand.

ST. VICTOR *vs.* DAUBERT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Between the partners of a commercial firm, and a clerk who, in addition to
his monthly salary, is to receive a share of the profits, there is no
partnership created.

A clerk who is allowed a monthly salary and a share of the profits, is not
thereby constituted a partner, and cannot bind the firm further than
the express or implied consent of the partners authorise him.

So, a clerk entitled to a share of the profits of a commercial partnership,
who collects funds of the firm, cannot retain them under pretence that

they are his share of the profits. He may be sued by the firm, and required to disgorge the sum thus received by him.

The plaintiff alleges that the late firm of Durel and St. Victor established a grocery store in the lower faubourg of New-Orleans, and employed the defendant, at a salary of fifty dollars per month, to attend to its concerns, and the sale of the goods. He was further allowed one fourth of the profits of said concern, upon a liquidation of its affairs, if any should be made in the course of its business; that a stock of goods and articles was furnished said store amounting to nine thousand eight hundred and fifty dollars, which was committed to the care and superintendence of the defendant.

The plaintiff alleges, that in the meantime the late firm of Durel and St. Victor was dissolved, and all the rights, credits and affairs of the co-partnership transferred to him, with full power to liquidate and settle the same; that finding the establishment in the lower faubourg unproductive, he directed the defendant to close and liquidate its concerns; that all the stock in trade was, in pursuance of this determination, sold at auction, and instead of profits being made, he has not yet been reimbursed the capital; that the defendant has collected one thousand seven hundred and seventy-eight dollars, which he retains and refuses to pay over, under the pretence that this sum belongs to him as his share of the profits. The plaintiff prays judgment for this sum, with interest and costs.

The defendant excepted to the plaintiff's right of action as premature.

The Parish Court sustained the exception on the following grounds:

"It appears to the court that the action in this case cannot be maintained, it being a suit for a specific sum of money, alleged by the plaintiff, one of the partners, to be due by the defendant, another partner, without showing that a settlement had been had, or applying for one judicially, if an amicable settlement had been refused."

The court predicates its decision on a number of decisions of the Supreme Court.

1. That until the account of partnership is settled, one partner has no right of action against another.    2 *Louisiana Reports*, 451.

2. In all actions for the settlement of partnership accounts, all the partners, or their representatives, must be made parties.    6 *Martin*, *N. S.*, 188.

3. A partner, if sued by another, may, under the general issue, show that the plaintiff cannot recover; he can only claim a settlement.    7 *Martin*, *N. S.*, 284.

4. One partner cannot sue another for the partnership funds, until a settlement is had.    8 *Martin*, *N. S.*, 281.

From this judgment the plaintiff appealed.

*Murphy* and *Grailhe*, for the plaintiff, made the following assignment of errors:

1. The judgment of the Parish Court is erroneous in considering the defendant as a partner. The suit is for a specific sum of money collected by the defendant as clerk, and not as a partner of the firm.

2. The plaintiff owned all the capital put in this store, and the defendant acted as a clerk, or mandatory, with a salary per month, and to have one fourth of any profits after liquidation.

3. The defendant could be considered in no other light than as an agent or clerk, and as such, bound to account and pay over to his principal whatever sum he might have received on his account.    *Louisiana Code* 29, 74.    8 *Martin*, *N. S.*, 172.

*Canon*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff and another person being partners in trade, established a store and engaged the defendant at a salary of fifty dollars per month, to attend to the business of the store and sale of the goods, and further promised him one fourth part of the profits that might be made.

The plaintiff afterwards purchased the interest of his

EASTERN DIST.

*April,* 1836.

ST. VICTOR
*vs.*
DAUBERT.

co-partner, and finding the concern unprofitable, shut up the store, after having made a sale of the goods on hand. The defendant was charged with the collection of the debts. After having collected the sum of one thousand seven hundred and seventy-eight dollars, the defendant retained it on the ground that he had a right to do so, until the plaintiff accounted to him and paid over his share of the profits.

The present suit was instituted to recover the sum thus remaining in the hands of the defendant.

The plaintiff's demand is resisted, on an allegation that the parties were co-partners, and neither of them could sue the other, except for a settlement and recovery of the balance.

The Parish Court dismissed the suit as premature, and the plaintiff appealed.

Whether a participation in the profits of a commercial house creates a liability to the creditors of the concern, and to what extent or amount, is a question which this case does not appear to present.

Between the partners of a commercial house and a clerk who, in addition to his monthly salary, is allowed, as a further stimulus to his industry, a share of the profits, we have no hesitation in deciding, that this allowance does not constitute him a partner. It gives him no additional control over the affairs of the partnership, nor does it authorise him to bind the house, or firm, further than by the express consent of the partners, or an implied consent resulting from the nature of his employment.

The person thus employed and rewarded, has no right to retain the funds of the house, which employed him to collect them. They must be supposed, until the affairs of the partnership are liquidated, to be provided for, and required to meet its engagements, and afterwards to reimburse the partners for their advances, before a division of the profits is made.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and the cause remanded for new proceedings, the appellee paying the costs of the appeal.

Between the partners of a commercial firm and a clerk, who in addition to his monthly salary, is to receive a share of the profits, there is no partnership created.

A clerk who is allowed a monthly salary and a share of the profits, is not thereby constituted a partner, and cannot bind the firm further than the express or implied consent of the partners authorise him.

So, a clerk, entitled to a share of the profits of a commercial partnership, who collects funds of the firm, cannot retain them under pretence that they are his share of the profits. He may be sued by the firm, and required to disgorge the sum thus received by him.